UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ARIWODO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-04-4572 |
| | § | |
| UNITED STATES IMMIGRATION & CUSTOMS ENFORCEMENT, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are two motions filed by the plaintiff Michael Ariwodo. Plaintiff has filed a motion to exclude plaintiff's immigration file (Dkt. 68) and a motion for leave to designate experts late (Dkt. 72). The defendants have responded to these motions (Dkt. 76, 77), and they are ripe for decision.

After considering the plaintiff's motions, defendants' responses, and the applicable law, the court DENIES the motion to exclude and GRANTS the motion for leave to designate experts late. The merits of each motion are addressed below.

**I. Motion to Exclude**

Plaintiff seeks to exclude his immigration file from evidence, claiming that this file is irrelevant to his *Bivens* action. Dkt. 68 at 2. Under the Federal Rules of Evidence, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* FED. R. EVID. 401; *United States v. Madera*, 574 F.2d 1320, 1322 (5th Cir. 1978). The relevancy issue is the initial inquiry when any item is offered as evidence because to be

admissible, the item *must* be relevant. *Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 629 F.2d 993, 999 (5th Cir. 1980).

With regard to the immigration file, also referred to as the A-File, plaintiff contends that it is irrelevant because it "is of no consequence to the determination of the Plaintiff's action for excessive force." Dkt. 68 at 2. The government responds that the file is relevant to support its defense in this case. Dkt. 76 at 3. On July 12, 2002, the Board of Immigration Appeal issued a final removal order to the plaintiff and allowed him the privilege of voluntary departure. But rather than leaving voluntarily, the government contends that the plaintiff has filed numerous cases, including the instant action, to avoid removal because Immigration and Customs Enforcement ("ICE") cannot deport a plaintiff during the pendency of litigation. To support this contention, the government offers the A-File which allegedly contains evidence of plaintiff's fraudulent marriages to U.S. citizens. Under the government's reasoning, these marriages show the "extent to which Plaintiff will go through [sic] to stay in the United States," including the filing of a meritless *Bivens* action. *Id.*

The court agrees with the government. Plaintiff's A-File could demonstrate a strong desire to stay in the United States that is also connected to the filing of a meritless *Bivens* action.[1] Thus, the evidence has the tendency to make *every* consequential fact less probable than it would be without the evidence because whether the incident at issue occurred at all is necessary to support his claim. FED. R. EVID. 401. Plaintiff's A-File is relevant evidence, and his motion to exclude is DENIED.

**II. Motion for Leave to Designate Experts Late**

Plaintiff also seeks leave to designate four experts late. Dkt. 70 at 1–2. Plaintiff would like

---

[1] The court makes no determination, at this time, on the merits of plaintiff's *Bivens* claim.

to designate the following experts: (1) plaintiff's attorney, Okon J. Usoro; (2) Mark Richards, P.A.; (3) R.L. Behms, M.D.; and (4) the custodian of medical records at the Corrections Corporation of America clinic. *Id.* The defendants do not object to plaintiff's motion as long as they have the opportunity to depose these experts before trial. Dkt. 77 at 1. Accordingly, plaintiff's motion is GRANTED, and plaintiff will provide dates, not to exceed fourteen (14) days from the date of this order, when defendants may depose these experts.

    It is so ORDERED.

    Signed at Houston, Texas on February 1, 2007.

_____
Gray H. Miller
United States District Judge