UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL U. ARIWODO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-04-04572 |
| | § | |
| UNITED STATES CUSTOMS & IMMIGRATION ENFORCEMENT, *et al.* | § | |
| | § | |
| *Defendants*. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

Pending before the court is plaintiff's motion for new trial. Dkt. 142. "Federal courts are courts of limited jurisdiction having subject matter jurisdiction only over those matters specifically designated by the Constitution or Congress." *Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006). Indeed, it is the duty of the district court to raise the issue of its own jurisdiction *sua sponte*. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). After considering the applicable law, it is the determination of this court that it lacks jurisdiction to consider the plaintiff's untimely filed motion for new trial. Accordingly, plaintiff's motion is DENIED for want of jurisdiction.

Under Rule 59(b) of the Federal Rules of Civil Procedure, "[a]ny motion for a new trial shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(b). This time limit is strictly enforced as a jurisdictional requirement; in fact, "it may not be extended by waiver of the parties or by rule of the district court." *See Flores v. Procunier*, 745 F.2d 338, 339 (5th Cir. 1984); FED. R. CIV. P. 6(b) (prohibiting any enlargement of time by the district court for a motion for new trial under Rule 59(b)); *accord Gribble v. Harris*, 625 F.2d 1173, 1174 (5th Cir. 1980); *Martin v. Wainwright*, 469 F.2d 1072, 1073 (5th Cir. 1972). In other words, the court is powerless to even

consider an untimely filed motion for new trial. *See Vincent v. Cons. Operating Co.*, 17 F.3d 782, 785 (5th Cir. 1994).

Here, the court signed a final judgment on April 10, 2007, and that document was entered in the civil docket on April 11, 2007. *See* Dkt. 138; FED. R. CIV. P. 58(b) (explaining how to determine the entry date of a final judgment). Plaintiff had ten days after April 11, excluding weekends and legal holidays, in which to timely file a motion for new trial. *See* FED. R. CIV. P. 59(b); FED. R. CIV. P. 6(a) ("When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Using this calculation method, plaintiff's Rule 59(b) motion was due no later than Wednesday, April 25, 2007. Nevertheless, plaintiff did not file the instant motion until fourteen calendar days later–on May 9, 2007. Thus, the filing of this motion is clearly untimely, and the court lacks jurisdiction to consider plaintiff's requested relief. *See Gribble*, 625 F.2d at 1174.

For the reasons enumerated above, plaintiff's motion for new trial (Dkt. 142) is DENIED for want of jurisdiction.

It is so ORDERED.

Signed at Houston, Texas on May 10, 2007.

_____
Gray H. Miller
United States District Judge